UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BROWN,

        Plaintiff,           CIVIL ACTION NO. 08-CV-13371-DT

  vs.

                             DISTRICT JUDGE NANCY G. EDMUNDS

ROMULUS POLICE DEP'T,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(6) filed on October 6, 2008 (docket no. 6) should be **GRANTED**, and this action should be **DISMISSED.**

**II.**    **REPORT:**

    **1.**    **Facts and Claims**

Plaintiff filed his Complaint naming the Romulus Police Department and Romulus Ambulance Units as the only Defendants. (Docket no. 1). Plaintiff alleges that these Defendants have "harassed" him by: "following at close range behind [his] truck for about a mile, then turning off" (Romulus Police); "turning emergency sirens on as they approach [him], then turning them off sometimes when they have passed [him]" (Romulus ambulance); "making there [sic] presence known at a lawn that [he] may be mowing by driving around the residence or actually parking in front of the residence" (Romulus Police); and "after finishing mowing a lawn, and attempting to return home, running the police squad car upon [him] almost hitting [him] (no siren on)." (*Id.*). Plaintiff fails to state any relief that he is seeking. (*Id.*). Plaintiff checked the block on his civil

cover sheet indicating that this Court's jurisdiction is based upon a federal question, but fails to specify under what federal law he is proceeding. (*Id*.).

The City of Romulus filed the instant Motion to Dismiss because Plaintiff's complaint was apparently served on the Romulus Police Department. (Docket no. 6 at 1). The City on behalf of the named Defendants argues that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) because the "Romulus Police Department" is not an entity capable of being sued; there is no such entity as the "Romulus Ambulance Units" because the City of Romulus ambulance services are contracted out to Concord EMS, a private entity, wholly independent from the City of Romulus; Plaintiff's Complaint fails to state a cause of action upon which relief may be granted; and because this Court lacks subject matter jurisdiction. (*Id*. at 5-7). Plaintiff has not responded to Defendants' Motion to Dismiss and the time for responding has now expired. (Docket no. 8). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**2.      Standard of Law**

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

### 3. Analysis

Plaintiff, a resident of the City of Romulus, alleges various claims against the Romulus police and ambulance units. However, Plaintiff fails to allege that the various forms of "harassment" he experienced violated any of his constitutional rights. The Court is unable to find that Plaintiff's constitutional rights were violated based on the allegations in Plaintiff's Complaint. Therefore, dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted as to any federal law claims under Rule 12(b)(6) is proper.

Dismissal is also appropriate for the Romulus Police Department as to all claims, federal or state, under Rule 12(b)(2) for lack of personal jurisdiction because that entity is not one that may be sued. *See* Mich. Comp. Laws § 691.1401; *Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996); *McPherson v. Fitzpatrick*, 234 N.W.2d 566, 568 (Mich. App. 1975).

The City of Romulus also shows that there is no such entity as the Romulus Ambulance Units. (Docket no. 6 ex. B). Dismissal of all claims is therefore appropriate for that Defendant under Fed. R. Civ. P. 12(b)(2).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 07, 2008                s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Anthony Brown and Counsel of Record on this date.

Dated: November 07, 2008                s/ Lisa C. Bartlett
                                                       Courtroom Deputy